```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

IRVING JOHNSON,                   :

    Petitioner,               :

v.                                :     CIVIL ACTION 06-0653-WS-M

GRANTT CULLIVER,                  :

    Respondent.               :

## REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate that was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required. It is recommended that this habeas petition be denied, that this action be dismissed, and that judgment be entered in favor of Respondent Grantt Culliver and against Petitioner Irving Johnson on all claims.

Petitioner was convicted of first degree rape and first degree burglary on August 1, 1988, in the Dallas County Circuit Court for which he received a life sentence, without the possibility of parole, in the State penitentiary (Doc. 1, pp. 1-2).  Appeal was made to the Court of Criminal Appeals of Alabama which affirmed the conviction and sentence (Doc. 1, pp. 3); Johnson did not seek *certiorari* in the Alabama Supreme Court

(*id.*).

Johnson filed his first federal habeas petition in this Court on December 27, 1988 (*see* Doc. 11, Exhibit E, pp. 2-3). The Undersigned recommended that all fifteen claims be denied as being without merit (*see id.* at p. 3). On April 30, 1989, U.S. District Judge Hand affirmed the report and recommendation and entered judgment against Rawls[1] (*see id.*). *Rawls v. Dallas County*, Civil Action 88-0813-BH-M (S.D. Ala. April 30, 1989).

Petitioner filed a second habeas petition in this Court on March 24, 1993 that challenged both the rape and burglary convictions (*see* Doc. 11, Exhibit E, p. 1). A recommendation was entered that the petition be dismissed as successive and an abuse of the writ (Doc. 11, Exhibit E). On November 17, 1995, U.S. District Judge adopted the report and recommendation and entered judgment against Rawls.[2] *Rawls v. Jones*, Civil Action 93-0250-RV-S (S.D. Ala. November 17, 1995). Subsequently, the Eleventh Circuit Court of Appeals denied Petitioner's application for a certificate of probable cause (Doc. 11, Exhibit G).

On November 1, 1996, Petitioner filed a State Rule 32 petition which was denied as being barred by the statute of limitations, a decision which was affirmed by the Alabama Court of Criminal Appeals on October 10, 1997 (Doc. 1, Exhibit J, pp.

---

[1] Petitioner was going by the name *Erwin Rawls* at that time.

[2] Petitioner was using the name *Rawls* at that time as well.

8-24, 50; Exhibit K).  Johnson petitioned for rehearing, but it was denied (*see* Doc. 11, p. 3).

On December 21, 2005, Petitioner filed an application for leave to file a successive petition which was denied by the Eleventh Circuit Court of Appeals on July 11, 2006 (Doc. 11, Exhibits H, I).

Petitioner filed the current habeas petition—his third—with this Court on October 11, 2006, raising the claims that he was deprived of the opportunity to use an alibi and that there was misconduct by the investigating agents and witnesses for the prosecution (Doc. 1).  Respondent has argued that this action should be dismissed because this Court's review is barred without a certificate from the Eleventh Circuit Court of Appeals pursuant to 28 U.S.C. § 2244(b) as Johnson has previously filed two federal habeas petitions (Doc. 11, pp. 4-5).  Respondent further asserts that this petition should be dismissed as it is successive (*id.*).  The statute to which Respondent refers states the following:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

The Court notes that Petitioner has candidly admitted, in his present petition, that he has previously filed two federal habeas petitions (Doc. 1, p. 9-10, ¶ 14).  Court records, as

3

previously set out, confirm those filings and that judgments were entered against him in those petitions.

The Court further notes that Petitioner has provided no evidence that he has been given the authority to file this action. Because Petitioner filed his third habeas petition here, without first obtaining authorization from the Eleventh Circuit Court of Appeals to do so, this Court is without jurisdiction to rule on it.

Therefore, it is recommended that this habeas petition be dismissed as this Court does not have jurisdiction to review it.[3]

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

A party may object to a recommendation entered by a

---

[3] The Court notes that Respondent has also claimed that this petition is barred under the provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 and that the claims are procedurally defaulted (Doc. 11, p. 5).  However, because this Court does not have jurisdiction to review the claims brought in this petition, the Court, likewise, has no jurisdiction to review the defenses to those claims.

>  magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed <u>de novo</u> and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 25th day of January, 2007.

                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE